YABUCOA SUGAR COMPANY, demandante y apelante, *v.* ERNESTO FERNANDO SCHLÜTER, demandado y apelado.

No. 5309.—*Sometido:* Febrero 12, 1931. *Resuelto:* Marzo 19, 1931.

*F. Cervoni Gely,* abogado del apelante.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En septiembre 16, 1921, Manuel Carrasquillo y su esposa otorgaron un pagaré que vencía el 31 de mayo de 1922, a favor de Sobrinos de Ezquiaga, o a su orden. El 20 de noviembre de 1921, Carrasquillo, con el consentimiento de su cónyuge, otorgó una hipoteca a favor de Sobrinos de Ezquiaga o sus endosatarios, para garantizar el pago de la obligación. La hipoteca fué inscrita en el registro de la propiedad a favor del acreedor hipotecario o sus endosatarios. En julio 10, 1924, Sobrinos de Ezquiaga cedió la hipoteca a la Yabucoa Sugar Company. Este traspaso jamás fué inscrito en el registro de la propiedad.

· El 15 de marzo de 1930, la Yabucoa Sugar Company trató de incoar procedimiento ejecutivo sumario contra Ernesto Fernando Schlüter, entonces dueño de la finca hipotecada. El juez de distrito se negó a expedir un requerimiento de pago, fundándose en que Ezquiaga & Co., o sus endosatarios, eran, según el registro, los dueños del pagaré, y que la cesión no inscrita de la hipoteca sin el pagaré no era prueba suficiente de título en la Yabucoa Sugar Company.

El artículo 152 de la Ley Hipotecaria dispone lo que sigue:

"El crédito hipotecario puede enajenarse o cederse a un tercero en todo o en parte, siempre que se haga en escritura pública de que se dé conocimiento al deudor, y que se inscriba en el Registro.

"El deudor no quedará obligado por dicho contrato a más que lo estuviere por el suyo.

"El cesionario se subrogará en todos los derechos del cedente."

El artículo 153, tal cual fué enmendado en 1912, Leyes de ese año, página 70, lee ahora así:

"En la hipoteca constituída para garantir obligaciones transferibles por endoso o títulos al portador, cuando se anajene o ceda el derecho hipotecario, se entenderá éste transferido con la obligación o con el título, sin necesidad de dar de ello conocimiento al deudor ni de hacerse constar la transferencia en el Registro.

"Tales obligaciones podrán ser constituídas por el dueño de una finca o derecho, sin determinación específica del nombre del acreedor, otorgándolas genéricamente a la orden de la persona a cuyo favor puedan ser transferidos o endosados los títulos quirografarios por el hipotecante."

La frase "con la obligación o con el título," en la traducción hecha por el Departamento de la Guerra antes de la enmienda, leía: *"together with the obligation or document." Compiled Statutes*, 1911, sec. 6837. La versión castellana tanto antes como después de la enmienda dice: "Se entenderá éste transferido con la obligación o con el título." El fin palmario de la enmienda fué el de añadir la última oración en el artículo según quedó enmendado. El fin del artículo en sí, tanto antes como después de la enmienda, era

facilitar el traspaso de documentos negociables juntamente con la hipoteca otorgada para garantizar el pago de los mismos. Cualquiera que haya sido la intención del legislador, no fué la de relevar al cesionario de una hipoteca de la necesidad de inscribir la cesión, cuando no va acompañada del endoso o de la entrega del instrumento negociable garantido por la hipoteca.

Las autoridades citadas por la apelante (*Trust National Bank* v. *Com. Savings Bank,* 8 L.R.A. (N. S.) 1148; *Hall* v. *Jameson,* 12 L.R.A. (N. S.) 1190, 151 Cal. 606; y L.R.A. 1918-D, 522) en apoyo de la contención de que "dos documentos relativos a las mismas materias, otorgadas al mismo tiempo, deben ser interpretados conjuntamente," no son aplicables.

*Debe confirmarse la resolución apelada.*